# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | § § | |
| v. | § § | CASE NO. 4:15-CV-829 |
| LIBERTY SUPPLY CO., also d/b/a Omni Services; | § § § | Judge Mazzant |
| MIA L. MCCRARY, individually and as a principal of Liberty Supply Co., also d/b/a Omni Services; and | § § § § § | |
| JOHN B. HART, individually and as an officer of Liberty Supply Co., also d/b/a Omni Services | § § § | |
| and | § § | |
| NOR-JAY ENTERPRISES, INC., a corporation | § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Liberty Supply Co. also d/b/a/ Omni Services ("Liberty Supply"), Mia L. McCrary ("McCrary"), John B. Hart ("Hart"), and Nor-Jay Enterprises, Inc.'s ("Nor-Jay") Motion for Reconsideration (Dkt. #65). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

On December 4, 2015, the Federal Trade Commission (the "FTC") filed this action, in which it alleged that Defendants were deceptively selling non-durable office supplies to small businesses, churches, and schools across the nation in violation of Section 5 of the FTC Act, the Telemarketing Sales Rules, and the Unordered Merchandise Statute (Dkt. #1). After reviewing the evidence and the FTC's *Ex Parte* Motion for Temporary Restraining Order (Dkt. #4), the

1

Court issued the Temporary Restraining Order (the "TRO"), which appointed a temporary receiver, froze Defendants' assets, and restrained Defendants from further violating the law (Dkt. #12).

On December 17, 2015, the Court held a preliminary injunction hearing, and at the end of the hearing, extended the TRO for fourteen days to allow the parties to brief the issue regarding the proper scope of the asset freeze under the FTC Act (Dkt. #30). On December 21, 2015, the FTC filed its supplemental brief regarding the proper scope of the preliminary injunction's asset freeze (Dkt. #33). On December 23, 2015, Defendants filed their response (Dkt. #34). On December 30, 2015, the FTC filed its reply (Dkt. #35). After reviewing the pleadings, on December 30, 2015, the Court entered its Preliminary Injunction, which continued the appointment of the receiver, enjoined further violations of law, and continued the broad asset freeze against Defendants (Dkt. #36). Also on December 30, 2015, the Court entered its Order Regarding Receiver's Motion for Miscellaneous Relief (Dkt. #37), which the Court later amended on January 8, 2016 (Dkt. #42).[1]

On February 4, 2016, Defendants filed their Motion for Reconsideration (Dkt. #65). On February 9, 2016, Receiver filed her response (Dkt. #68). On February 18, 2016, the FTC filed its response (Dkt. #71). On February 19, 2016, Defendants filed their reply to Receiver's response (Dkt. #74).

---

[1] The Court amended its Order after Receiver filed her Emergency Motion for Amended Order Regarding Miscellaneous Relief, in which Receiver requested that the Court amend the order to conform the entities whose assets are subject to the Order to the definitions in the Preliminary Injunction (Dkt. #38 at p. 3). Defendants filed their response on January 7, 2016 (Dkt. #40). Receiver filed her reply on January 8, 2016 (Dkt. #41). After reviewing the pleadings, the Court granted Receiver's Emergency Motion, and entered the Amended Order Regarding Receiver's Motion for Miscellaneous Relief (Dkt. #42).

## LEGAL STANDARD

Although Federal Rule of Civil Procedure 54(b) applies to motions for reconsideration of an interlocutory order, courts have utilized the standards of Rule 59 when analyzing such motions. *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) ("considerations similar to those under Rules 59 and 60 inform the Court's analysis"); *T-M Vacuum Prod., Inc. v. TAISC, Inc.*, No. H-07-4108, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008), *aff'd sub nom. T-M Vacuum Prod. v. Taisc, Inc.*, 336 Fed. Appx. 441 (5th Cir. 2009) ("Rule 59(e)'s legal standards are applied to motions for reconsideration of interlocutory orders."). "Although the general rule is that motions for reconsideration will not be considered when filed more than [twenty-eight] days after the judgment at issue is entered, this deadline does not apply to the reconsideration of interlocutory orders." *T-M Vacuum Prod., Inc.*, 2008 WL 2785636, at *2 (citing *Standard Quimica De Venez. v. Cent. Hispano Int'l, Inc.*, 189 F.R.D. 202, 204 (D. P.R. 1999)).[2] Therefore, "[a] court may consider a motion to reconsider an interlocutory order so long as the motion is not filed unreasonably late." *Id.* (citing *Standard Quimica De Venez.*, 189 F.R.D. at 205; *Martinez v. Bohls Equip. Co.*, No. SA-04-CA-0120-XR, 2005 WL 1712214, at *1 (W.D. Tex. July 18, 2005)).

A motion seeking reconsideration, "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct

---

[2] Federal Rule of Civil Procedure 59(e) was amended in 2009, in which it provided for the twenty-eight day limitation. The case referenced by the Court, uses the original ten day limit, as it was decided before the amendment took effect.

manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under 59(e) is also appropriate when there has been an intervening change in the controlling law." *Milazzo v. Young*, No. 6:11-CV-350, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012) (citing *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003)). "Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly." *Id.* (citing *Templet*, 367 F.3d at 479).

## ANALYSIS

Defendants assert that the Court should reconsider its December 30, 2015 Preliminary Injunction Order (Dkt. #36), its Order Regarding Receiver's Motion for Miscellaneous Relief (Dkt. #37), and its Amended Order Regarding Receiver's Motion for Miscellaneous Relief (Dkt. #42). Defendants argue that there has been an intervening change in the controlling law under the case of *Luis v. United States*, which is currently before the Supreme Court (Dkt. #65 at pp. 1-4). Additionally, Defendants seem to assert that there is newly discovered evidence regarding the FTC's policy on allowing exemption on property (*See* Dkt. #65 at pp. 5-6). Finally, Defendants assert that the Court should reconsider the scope given to the Receiver in its Amended Order Regarding Receiver's Motion for Miscellaneous Relief (Dkt. #42) (*See* Dkt. #65 at pp. 9-11).

The Court finds that Defendants' argument that there has been an intervening change in the controlling law under *Luis v. United States* is not ripe at this time. Although the Supreme Court has heard oral argument on the *Luis* case, it has not rendered an opinion; and thus, there is not an actual change in the controlling law. Therefore, the Court finds that Defendants' Motion for Reconsideration should be denied at this time. Defendants may re-file their Motion for Reconsideration at such a time as the issue becomes ripe.

Next, Defendants assert that they believe the FTC has a "policy and/or practice on allowing defendants certain property as exempt." (Dkt. #65 at p. 5). Defendants allege that "[i]f the FTC acknowledges such a policy on exempt property, it evidence[s] an FTC failure to disclose a policy that may not ultimately support the seizing of property…" (Dkt. #65 at p. 5). "A 'manifest error' is not demonstrated by the disappointment of the losing party." *R.B. v. Livers*, No. 12-00679-BAJ-SCR, 2014 WL 1328000, at *1 (M.D. La. Mar. 31, 2014). The Court finds that Defendants have not presented any newly discovered evidence or a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *See R.B. v. Livers*, 2014 WL 1328000, at *1. Defendants have not presented any credible evidence to the Court of any FTC policy regarding the exemption of assets; and therefore, the Court finds that Defendants' Motion for Reconsideration should be denied.

Finally, Defendants assert that the Court should reconsider the scope given to the Receiver (Dkt. #65 at pp. 9-11). Specifically, Defendants argue that "[t]he Court's orders should […] be modified to include an express standard for reasonableness." (Dkt. #65 at p. 9).[3] The Court finds that Defendants have not offered any credible evidence that there was a "wholesale disregard, misapplication, or failure to recognize controlling precedent" when the Court entered the Amended Order Regarding Miscellaneous Relief (Dkt. #42; *see R.B. v. Livers*, 2014 WL 1328000 at *1). Therefore, the Court finds that Defendants' Motion for Reconsideration should be denied.

---

[3] Defendants request a reasonableness standard in the Court's Order Regarding Receiver's Motion for Miscellaneous Relief (Dkt. #37) and the Court's Amended Order Regarding Receiver's Motion for Miscellaneous Relief (Dkt. #42). However, the as the Court amended its original order in total, the only order that controls in this case is the Court's amended order. Therefore, the Court will only address Defendants concerns regarding its Amended Order Regarding Receiver's Motion for Miscellaneous Relief (Dkt. #42).

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Reconsideration (Dkt. #65) is hereby **DENIED**.

**SIGNED this 24th day of February, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE