UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Federal Trade Commission,**<br><br>Plaintiff,<br><br>v.<br><br>**Liberty Supply Co., also d/b/a Omni Services; et. al**<br><br>Defendants. | Civil Action No. 4:15-cv-829 |

**PLAINTIFF FEDERAL TRADE COMMISSION'S
MOTION FOR PROTECTIVE ORDER TO QUASH CERTAIN PORTIONS
OF DEFENDANTS' FIRST REQUEST FOR PRODUCTION
TO FEDERAL TRADE COMMISSION**

**Table of Contents**

I. Introduction …………………………………………………………………..….. 1

II. Defendants' Requests are Improper ……………………….…………….. 2

III. Arguments and Authorities …………………………………………….…….. 2

    A. Defendants' Requests 2-14 Seek Privileged Information …………….…… 3

        1. The Law Enforcement Privilege Protects the FTC's Investigatory Process ……………………………………………………………………… 4

        2. The Deliberative Process Privilege Protects Internal Decision Making Communications of Governmental Agencies ………………... 5

        3. The Attorney Client Privilege Protects Attorney Communications …. 6

        4. The Attorney Work Product Doctrine Protects Parties from Answering Document Requests that Reveal Attorney Intentions and Beliefs …………………………..………………………………… 7

        5. One or More of These Privileges Applies to Each Category of Document the FTC Seeks to Protect from Disclosure …………..……. 8

    B. Defendants' Requests 3-10 and 13-14 Seek Irrelevant Documents ……… 9

    C. Defendants' Requests 2-14 are Contention Requests for Production that Constitute Impermissible Fishing Expeditions ……………...…………. 12

    D. Plaintiff Should Not be Required to Produce Multiple Formats of Electronic Documents ……………………………...…………………… 14

Conclusion …………………………………………………………….………. 15

I.    Introduction

Plaintiff Federal Trade Commission (FTC or Plaintiff) moves for a protective order quashing portions of Defendants' First Set of Request for Production of Documents in accordance with Rule 26(b)(1) and (c) of the Federal Rules of Civil Procedure.

The FTC brought this case under Section 5 of the FTC Act, the Telemarketing Sales Rule, and the Unordered Merchandise Statute to stop Defendants' deceptive sales of office supplies to schools, churches, and small businesses. *See* Dkts. 1 and 76, Complaint and Amended Complaint.

This Motion for Protection seeks the protection of important governmental and attorney privileges, including the law enforcement privilege, the governmental deliberative process privilege, the Attorney-Client Privilege, and the attorney work product doctrine. The Motion also seeks relief from the undue burden and expense of answering irrelevant document requests, which are designed primarily to aid improper affirmative defenses that are the subject of the FTC's Motion to Strike Affirmative Defenses (Dkt. 108). This motion seeks protection from overly broad requests that fail to describe documents by category and instead seeks documents based on their future use in court, which constitute improper fishing expeditions. Finally, this motion seeks protection from the burden of producing documents in multiple electronic forms.

II.   Defendants' Requests are Improper

The FTC moves to quash Requests 2-14 of Defendants' First Requests for Production of Documents, attached as Appendix A, including all sub-parts. These requests seek the following documents:

- Requests 2(a-bb) seek "with respect to each paragraph of the FTC's First Amended Complaint (Dkt. 76), … each document which supports the FTC's position and assertion, including but not limited to [28 identified paragraphs and/or allegations in the FTC's Amended Complaint];"

- Request 3 seeks all documents that triggered the FTC's investigation;
- Request 4 seeks all documents related to any witness in the FTC's investigation;
- Request 5 seeks all documents evidencing contact with individuals prior to filing the initial complaint;
- Request 6 seeks all documents regarding the FTC's pre-complaint understanding of the Defendants' size;
- Request 7 seeks all documents evidencing how the FTC determined how many persons would conduct the immediate access in this matter;
- Request 8 seeks all documents evidencing the investigation up to the Complaint;
- Request 9 seeks all documents evidencing the investigation up to the time a decision was made to seek a TRO;
- Request 10 seeks all documents evidencing the investigation up to the time when the FTC decided to seek appointment of a Receiver;
- Requests 11 and 12 seek all documents evidencing consumer harm or reflecting the basis of calculating damages in this matter;
- Requests 13 and 14 seeks all documents showing the FTC's patterns, habits, practices, or policies regarding nine specific areas including monetary relief, injury, and freezing assets potentially protected by bankruptcy or other exemptions; and
- Requests 15-18 seek documents based on showing the fair market value of items seized during the immediate access of the Defendants' office and warehouse buildings.

### III. Arguments and Authorities

The FTC seeks protection from Requests 2-14 for four broad grounds: (A) privilege; (B) relevance and undue burden; (C) overbroad requests expeditions that facially fail to follow Rule 34 and constitute improper fishing expeditions; and (D) requesting documents in multiple electronic forms.

Plaintiff has already produced relevant documents that consist of the fruits of the investigatory process, including thousands of pages of banking and financial records, hundreds of consumer complaints, over a dozen witness statements, photographs, hundreds of pages of documents photocopied from Defendants' offices and Defendants' files, an external hard drive of all images of Defendants' computers, and scores of other items.[1] Defendants now seek, not the

---

[1] The Plaintiff has already produced over 7,000 pages of documentary evidence, including over 1,200 pages of materials collected from the FTC's immediate access to Defendants' offices,

2

already produced fruits of the FTC's investigation, but for the FTC to identify documents based on their usefulness in Court, when the FTC discovered which items, and what items triggered the FTC's prosecutorial decision-making. None of these types of requests is proper. Accordingly, the FTC seeks the Court's protection.

### A. Defendants' Requests 2-14 Seek Privileged Information

Defendants Requests 2-14 seek documents that include the internal discussions and conduct of the FTC's investigation. Defendants' requests infringe important governmental privileges, including the law enforcement privilege, which protects the internal mechanisms of law enforcement investigations from disclosure, and the deliberative process privilege, which protects internal pre-prosecutorial decision deliberations from disclosure. Defendants' requests also seek to invade the Attorney-Client Privilege, which protects attorney to client and intra-attorney communications, and the attorney work product doctrine, which protect attorney thought processes. All unproduced and relevant documents responsive to Defendants' Requests 2-14 are protected from production by the law enforcement privilege, the deliberative process privilege, the attorney-client privilege or the attorney work product doctrine.

These documents are in the form of:

(1) communications among counsel and FTC's Investigators regarding the investigation;

(2) legal and attorney-client memorandum from attorneys to FTC Commissioners and staff seeking authority to proceed within the investigation;

(3) attorney research and notes discussing various attorney opinions and recommendations regarding the case, and draft pleadings;

---

over 1,500 pages of bank records collected prior to litigation, many other categories of documents, and electronic data.

3

(4) unredacted Consumer Sentinel[2] complaints received by the FTC from consumers directly from the consumer or from other law enforcement agencies where the consumer had an expectation of privacy;[3]

(5) irrelevant Civil Investigative Demands (CIDs) and their correlated responses stating that Defendants did not have accounts or business with the entities that received the CID; and

(6) irrelevant and redacted portions of CID responses third party Personal Identifying Information for persons or entities not related to the Defendants.

All such documents are protected from disclosure by one or more of the law enforcement privilege, the deliberative process privilege, the Attorney-Client Privilege, or the attorney work product doctrine. As detailed more fully below, the FTC's governmental and Attorney-Client Privilege and work product doctrine protections should be upheld and the Defendants' Requests should be quashed.

### 1. The Law Enforcement Privilege Protects the FTC's Investigatory Process

Defendants' Requests for Production of Documents 2-10 and 13-14 should be quashed because they facially seek documents protected by the law enforcement privilege. The purposes of the law enforcement privilege are "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *In re Dep't of Investigation*, 856 F. 2d 481, 484 (2d Cir. 1988); *see also Hallon v. City of Stockton*, No. CIV S–11–0462 GEB GGH, 2012 WL 394200 at *4 (E.D. Cal. Feb. 6, 2012). The law enforcement privilege protects law enforcement

---

[2] Consumer Sentinel is a law enforcement database maintained by the FTC in cooperation with other law enforcement agencies, including the FBI and attorney generals offices. It also includes complaints forwarded by the BBB. The FTC has produced all BBB Complaints regarding Defendants. However, the FTC does not voluntarily forward unredacted Consumer Sentinel complaints because to do so would destroy the confidentiality of persons who made complaints based on that confidentiality and would also reveal the investigatory techniques used in accessing the Sentinel database.

[3] The FTC is providing redacted versions of Consumer Sentinel Complaints, removing personal identifying information from these consumer complaints.

techniques "even when the identity of the techniques has been disclosed, but the manner and circumstances of the techniques are not generally known, or the disclosure of additional details could reduce their effectiveness." *Council On American-Islamic Relations v. F.B.I.*, 749 F. Supp. 2d 1104, 1123 (S.D. Cal. 2010) (ruling that F.B.I. questionnaire used in investigations is protected). Courts considering assertions of the law enforcement privilege balance "the public interest in nondisclosure . . . against the need of a particular litigant for access to the privileged information." *In re Sealed Case*, 856 F. 2d at 272.

A key factor in this analysis is the importance of the documents in the litigation. *See Hallon*, 2012 WL 394200 at *5; *Tri-State Hosp. Supply Corp. v. U.S.*, 238 F.R.D. 102, 106 (D.D.C. 2006) ("The importance of the information sought to plaintiff's case is a crucial and important factor.").

### 2. The Deliberative Process Privilege Protects Internal Decision Making Communications of Governmental Agencies

Defendants' Requests for Production of Documents 2-10 and 13-14 should also be quashed because they seek to obtain documents protected by the deliberative process privilege. The deliberative process privilege protects documents that are "predecisional" and "deliberative in nature." *See*, *e.g.*, *Hongsermeier v. Comm'r of Internal Revenue*, 621 F.3d 890, 904 (9th Cir. 2010). The deliberative process privilege "shields certain intra-agency communications from disclosure to allow agencies freely to explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny." *Lahr v. Nat'l Transp. Safety Bd.,* 569 F. 3d 964, 979 (9th Cir. 2009) (internal citation and quotation marks omitted); "A predecisional document is part of the 'deliberative process,' if 'the disclosure of the materials would expose an agency's decision-making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.'" *Maricopa Audubon Soc. v.*

*U.S. Forest Serv.*, 108 F.3d 1089, 1093 (9th Cir. 1997) (quoting *Assembly of the State of Cal. v. U.S. Dep't of Commerce*, 68 F. 2d 916, 920 (9th Cir. 1992)).

"[E]ven if the content of a document is factual, if disclosure of the document would expose the decision-making process itself to public scrutiny by revealing the agency's evaluation and analysis of the multitudinous facts, the document would nonetheless be exempt from disclosure." *Nat'l Wildlife Fed. v. U.S. Forest Serv.*, 861 F.2d 1114, 1118-19 (9th Cir. 1988) (internal citations and quotations omitted) (emphasis in original). "In other words, a document is considered to be part of the "deliberative process" as long as it is actually related to the *process* by which policies are formulated [and] the deliberative process privilege has been held to cover all recommendations, draft documents, proposals, suggestions and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency, as well as documents which would inaccurately reflect or prematurely disclose the views of the agency."

The deliberative process privilege also protects documents that contain factual information that is inextricably intertwined with the analysis of FTC staff. A government agency need not produce factual material that "is interwoven with and demonstrative of the deliberative process." *Binion v. U.S. Dep't of Justice*, 695 F. 2d 1189, 1193 (9th Cir. 1983); *see also U.S. v. Fernandez*, 231 F. 3d 1240, 1247 (9th Cir. 2000). "[W]henever the unveiling of factual materials would be tantamount to the publication of the evaluation and analysis of multitudinous facts conducted by the agency, the deliberative process privilege applies." *Nat'l Wildlife*, 861 F. 2d at 1119.

### 3. The Attorney-Client Privilege Protects Attorney Communications

Defendants' Requests for Production of Documents 2-14 should be quashed because they seek to obtain documents protected by the Attorney-Client Privilege. The Attorney-Client Privilege is one of the oldest recognized privileges for confidential communications.

6

v. *United States,* 449 U.S. 383, 389, 66 L. Ed. 2d 584, 101 S. Ct. 677 (1981); *Hunt* v. *Blackburn,* 128 U.S. 464, 470, 32 L. Ed. 488, 9 S. Ct. 125 (1888).The privilege is intended to encourage "full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." *Upjohn,* 449 U.S. at 389. Failure to protect attorney-client communications from discovery leads to the bizarre result that an attorneys' hard work can be used against his clients. *See id*. at 396 (citing *Hickman v. Taylor,* 329 U.S., 495, 516 (1947) ("[d]iscovery was hardly intended to enable a learned profession to perform its functions . . . on wits borrowed from the adversary.")).

### 4. The Attorney Work Product Doctrine Protects Parties from Answering Document Requests that Reveal Attorney Intentions and Beliefs

Defendants' Requests for Production of Documents 2-14 should also be quashed because they seek to obtain documents protected by the attorney work product doctrine. Rule 34 does not authorize requests based on contentions or how the document can be used in court because to detail what a document evidences or how it can be used in court violates the attorney work product doctrine. *Myers v. Goldco, Inc.,* Case No. 4:08cv8-RH/WCS, 2008 U.S. Dist. LEXIS 37089, *14 (May 6, 2008) (disallowing Rule 34 request for "all documents which you intend to introduce at the trial of this case or which may be used to refresh the recollections of witnesses" because documents "that a party 'intends to use at trial' are protected by the work product [doctrine]"). Indeed, there is no way to respond to Defendants' multiple Requests for documents that "evidence" certain contentions without disclosing what the FTC's attorneys' impressions and thought processes regarding the evidence and the related contentions. *See id*. Additionally, the Defendants' requests of "all documents" related to numerous contentions or to witnesses necessarily includes items like attorney's notes that are properly included within the protection

of the work product doctrine. *See e.g., Upjohn*, 449 U.S. at 398 (holding attorney notes of witness interviews are protected from disclosure by the Work Product doctrine).

### 5. One or More of These Privileges Applies to Each Category of Document the FTC Seeks to Protect from Disclosure

The FTC has produced thousands of pages of documents, but what remains are categories of documents that Defendants are not allowed to obtain due to one or more of: (1) the law enforcement privilege; (2) the deliberative process privilege; (3) the Attorney –Client Privilege; and/or (4) the attorney work product doctrine.

Request number 2 seeks "each document that supports the FTC's position or assertion" as to 28 specific assertions. By seeking such an overly broad and inclusive list of "all documents," Defendants necessarily seek draft pleadings, attorney notes, attorney communications, investigatory decision-making processes, deliberative memorandum, and the attorney thought process as to what documents support what theory.

Likewise, Requests 3-10 seek the FTC to separate documents based on when they were obtained in the investigation and how they were used in the investigation, and Requests 13 and 14 seek to determine if the FTC is following unspecified policy or practice in nine areas. As previously discussed, such detailed knowledge of the FTC investigational process is the exact nature of the items encompassed by the law enforcement privilege and deliberative process privilege. Additionally, to the extent that the document requests include "all documents" and seek documents based on what the documents "evidence" the requests necessarily include attorney-client communications and force the FTC to reveal their work product, that is the FTC's attorneys' opinions as to the documents usefulness in court.

The FTC has produced the underlying investigations results, but should be protected from producing privileged items in the following categories:

8

(1) communications among counsel and the FTC's Investigators regarding the investigation are protected by all four privileges;

(2) legal and attorney-client memorandum from attorneys to FTC Commissioners and staff seeking authority to proceed within the investigation are protected by all four privileges;

(3) attorney research and notes discussing the various opinions and recommendations regarding the case, and draft pleadings are protected by the Attorney-Client Privilege and the attorney work product doctrine;

(4) unredacted Consumer Sentinel complaints received by the FTC from consumers directly from the consumer or from other law enforcement agencies where the consumer had an expectation of privacy are protected by the law enforcement privilege's protection of the confidentiality of sources because, unlike the scores of BBB complaints released, consumers filing Consumer Sentinel Complaints directly with law enforcement agencies do so with the expectation of anonymity; and

(5) irrelevant Civil Investigative Demands (CIDs) and their correlated responses stating that Defendants did not have accounts or business with the entities that received the CID are protected by the law enforcement privilege; and

(6) irrelevant and unredacted portions of CID responses containing third party Personal Identifying Information for persons or entities not related to the Defendants. are protected by the law enforcement privilege.

The FTC has already provided Defendants voluminous amounts of evidence in this matter. Defendants cannot show any need to invade the FTC's privileges. Accordingly, the FTC seeks the protection of the Court regarding documents protected by the law enforcement privilege, the deliberative process privilege, the Attorney-Client Privilege, and Work Product Doctrine. Accordingly, the FTC seeks the protection of the Court.

### B.    Defendants' Requests 3-10 and 13-14 Seek Irrelevant Documents

Defendants' Requests 3-10 and 13-14 should be quashed because Defendants cannot provide any relevant basis for seeking the items in the form sought. It is axiomatic that any information that a party requests through discovery must first satisfy the relevancy requirements before the district court will perform an evaluation of any privilege claims. *See Delozier v. First National Bank of Gatlinburg*, 113 F.R.D. 522, 523 (E.D. Tenn. 1986). Under Rule 26(b)(1), the scope of discovery is as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts that have interpreted the current version of Rule 26(b)(1) generally agree that "the scope of discovery has narrowed somewhat under the revised rule. The change, while meaningful, is not dramatic, and broad discovery remains the norm. The revised rule simply provides one additional justification for the Court to put the brakes on discovery that strays from the claims or defenses being asserted." *Thibault v. BellSouth Telcoms., Inc.*, No. 07-200-S, 2008 U.S. Dist. LEXIS 91945, *7 (E.D. La. October 30, 2008) (citing *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 500 (S.D. Ind. 2003). "To implement the rule that discovery must be relevant to the claim or defense of any party, district courts have examined the relationship of the requested discovery and the facts it is intended to uncover to the specific claims and defenses raised by the parties." *Thibault*, No. 07-200-S, 2008 U.S. Dist. LEXIS 91945 at *7.

The FTC has produced all relevant documents. Defendants can point to no relevant grounds for propounding disputed Requests 3-10 and 13-14. For example, Request 3 seeks documents that triggered the FTC's investigation, and Requests 8, 9 and 10 seek identical data (documents evidencing the investigation of any Defendant) but differ as to when in the investigation the documents were obtained by the FTC (deciding to file the original Complaint, seek a TRO, or seek a Receiver). However, the amount of evidence the FTC had or did not have when the investigation was triggered or when certain prosecutorial choices were made is not

relevant to any element of the Plaintiff's case or any potential defense not subject to the FTC's current Motion to Strike Affirmative Defenses.

Request 5 seeks "All documents evidencing contact with individuals made by the FTC before filing the (initial) Complaint." While the FTC has produced scores of BBB complaints, all signed witness statements, and voluminous data on consumer witnesses, there is no basis to seek written communications with "all persons" the FTC contacted. Such an unlimited request, neither limited in scope nor time, encompasses irrelevant communications with numerous individuals, including returns from several institutions that did not have a business relationship with the Defendants. Indeed, as written, it literally seeks all documents since the FTC was founded over 100 years ago. Even if read to limit the Request to these Defendants, the Request includes all documents reflecting contact with persons irrelevant to the defense of this matter, such as process servers, local law enforcement agencies, and scores of otherwise spurious documents. Even more, there is simply no relevant basis for seeking documents based on when the FTC obtained them or how the FTC used them in its investigation; when documents were obtained or how the FTC used them to make prosecutorial decisions is irrelevant to any issues currently in dispute in this case.

Likewise, Request 6 seeks documents that evidence the anticipated size of Defendants operations; Request 7 seeks information regarding the basis for how many agents or persons assisted the FTC (when, where, how or with what is not defined). The extent that the FTC "properly" or "improperly" anticipated the size of Defendants does nothing to advance or defend Defendants' case.

Requests 13 and 14 seek documents related to nine different categories of FTC policies, patterns, practices or habits. Whether the FTC has any such policy items, or if they followed

11

prior practices or habits does nothing to advance or defend Defendants' case. Accordingly, the FTC seeks the protection of the Court.

The FTC has produced all relevant evidence aside from specified documents protected by privilege. It should not be forced to produce irrelevant documents (or to identify among the documents already produced when each document was obtained or which were used in internal deliberations or prosecutorial decision-making processes, such as triggering the investigation or deciding when to seek file a complaint or seek a receiver). Accordingly, the FTC seeks the protection of this Court.

### C. Defendants' Requests 2-14 are Contention Requests for Production that Constitute Impermissible Fishing Expeditions

Each of Defendants' Requests 2-14 is facially overbroad. Instead of seeking documents by category as required by Rule 34, Defendants impermissibly seek "all documents" based on what they "evidence" or "relate to." Courts routinely reject such requests as facially overbroad. Other Courts routinely reject such requests as "fishing expeditions." Even more, the FTC has already produced thousands of pages of documents, including all unprivileged documents in its possession that are relevant to the FTC's case in chief or legitimate defenses to the case in chief. As discussed below, based on the words of Rule 34 and the cases that interpret them, Defendants' Requests should be quashed as improper.

"A party resisting facially overbroad or unduly burdensome discovery need not provide specific, detailed support." *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 666 (D. Kan. 1999). Courts regularly disallow facially overbroad discovery requests in civil litigation. For example, a document request is overbroad and unduly burdensome on its face where it sought all documents "regarding" or "relating to" the lawsuit and the eleven plaintiffs and their EEOC charges. *See Aikens*, 217 F.R.D. at 538. Likewise, a request in a breach of

12

contract suit is overly broad on its face where it sought documents that referred or related to any alleged or actual breaches of the contract at issue, the plaintiff's reasons for breaching the contract, and communications between the defendant and any other person regarding termination of the contract. *See W. Res. v. Union Pac. R.R.*, 2001 U.S. Dist. LEXIS 24647, No. 00-2043-CM, 2001 WL 1718368, at * 3 (D. Kan. Dec. 5, 2001). Similarly, a request is facially overbroad where it requested "all documents concerning plaintiff." *See Pulsecard, Inc. v. Discover Card Servs.*, 1996 U.S. Dist. LEXIS 10014, No. 94-2304-EEO, 1996 WL 397567, at * 6 (D. Kan. July 11, 1996).

When a party seeks all documents that support or relate to a contention, then the party is using a contention request for production that is not permitted by Rule 34 and runs contrary to the Rule's requirement to "to describe with reasonable particularity each item or category of items to be protected." *See* Fed. R. Civ. P, R 34(b)(1)(A). *See also* Fed. R. Civ. P, R 33, 34, 36; *see also Stewart-Warner Corp. v. Staley*, 4 F.R.D. 333, 335 (W.D. Pa. 1945) (describing request for "all documents" as a fishing expedition and noting that Rule 34 was not intended for such purpose.)

Some courts rule that discovery requests for "all documents that relate …" fail to identify documents as required by Rule 34 because the request is "overly broad." *Reagan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649-50 & n. 6 (10th Cir. 2008);[4] *see also Bruggeman v. Blagojevich*, 219 F.R.D. 430, 436 (E.D. Ill. 2004) (ruling a request for "all documents that *reflect in any manner* noncompliance with the ADA" was overly broad and violated Rule 34); s*ee also Gaison v. Scott*, 59 F.R.D. 347, 353 (D. Haw.1973) (a request for "all documents 'which relate in

---

[4] In *Reagan-Touhy,* the trial court also cited the Manual for Complex Litigation § 11.443, at 75 ("In overseeing document production, the court should . . . prevent indiscriminate, overly broad, or unduly burdensome demands . . . such as those for 'all documents relating or referring to' a . . . claim . . . ."). 526 F.3d at 650.

13

any way' to the arrest, detention and booking of plaintiff or to his complaint against the Department" ruled too broad to satisfy Rule 34).

Other courts have ruled that requesting "all manner and form of documentation which might 'show or tend to show' certain things" is a "fishing expedition" that fails to satisfy Rule 34's requirement to identify documents by item and category. *See In re Hunter Outdoor Products, Inc.*, 21 B.R. 188, (D. Mass. 1982) (trustee "apparently seeks to have the Bank search through all of its records and identify each and every document or thing which shows or tends to prove the plaintiff's case. … The real issue here is whether the Bank should be required to 'make' the trustee's case for him."); *Lopez v. Chertoff,* Case No. CV 07-1566-LEW, 2009 U.S. Dist. LEXIS 50419, ** 5-8 (E.D. Cal. June 2, 2009) ("one of the purposes of Rule 34 is to prevent fishing expeditions, and thus Plaintiff has some responsibility to narrow his request" – denying request for documents "relating to" claims as facially overbroad). *William A. Meier Glass Co. v. Anchor Hocking Glass Corp.*, 11 F.R.D. 487, 491 (W.D. Pa. 1952) (denying production of "all documents" that support a claim as a "fishing expeditions" as the purpose of Rule 34 is to provide a method whereby a party may procure the production of specific items.).

The FTC has produced all relevant and unprivileged documents and satisfied its obligations under the Court's initial disclosure requirements and its responses to the Defendants' Requests. Defendants should not be allowed to circumvent the requirements of Rule 34 that require the Defendants to specify documents by category and not based on the overly broad description of "all items that relate" to any aspect of this case.

> **D.** **Plaintiff Should Not be Required to Produce Multiple Formats of Electronic Documents**

Finally, the FTC seeks protection of the Court in the area of multiple production of electronic formats of documents. Specifically, the FTC imaged the Defendants' computers

during the immediate access of the Defendants' office under the Court's TRO. After providing the Defendants the options of how the materials could be produced, the FTC produced the raw images of these computer files to the Defendants at their specific request. The FTC has also translated these images to files that can be processed by FTC attorneys and investigators using a database managing system the FTC has procured. However, these documents are not in a usable format for the Defendants unless they also purchase the same database system used by the FTC. Further, the Federal Rules of Civil Procedure allows parties requesting documents to specify the form and protects parties from being required to produce electronic documents in more than one form. *See* Rule 34(b)(2)(E)(iii) ("A party need not produce the same electronically stored information in more than one form."). In this case, Defendants were given the option of electronic format and instructed the FTC to produce the original external hard drive with raw images. Having done so, Defendants cannot now request the documents contained on the external hard drive in any other form. Accordingly, the FTC seeks protection of the Court.

**CONCLUSION**

For the foregoing reasons, Plaintiff Federal Trade Commission respectfully requests the Court grant this Motion for Protection and enter the attached Order or other similar order quashing Requests 2-14.

        Respectfully submitted,

        DAVID SHONKA
        Acting General Counsel

        DAMA J. BROWN
        Regional Director

Dated: May 31, 2016         */s/ Eric N. Roberson*

        ERIC N. ROBERSON
        Texas Bar #00792803
        EMILY B. ROBINSON

>Texas Bar #24046737
>Federal Trade Commission
>1999 Bryan Street, Suite 200
>Dallas, Texas 75201
>(214) 979-9362 (Roberson)
>(214) 979-9386 (Robinson)
>(214) 953-3079 (Facsimile)
>**Attorneys for Plaintiff**
>**FEDERAL TRADE COMMISSION**

## CERTIFICATE OF CONFERENCE

The undersigned Plaintiff's Counsel, Eric Roberson, certifies that a conference was held with opposing counsel, Roger Sanders as follows: (a) at 9:43 p.m. on Monday May 30, 2016, Plaintiff counsel received an email from Roger Sanders including a repeated request for discovery on items subject to the FTC's Motion to Quash Affirmative Defenses; (b) at 10:04 a.m. on Tuesday May 31, 2016, Plaintiff Counsel left a voice message was left with Roger Sanders' office receptionist stating that the FTC wished to confer on a discovery motion; and (c) at 4:35 p.m. Plaintiff Counsel again called Defense Counsel Roger Sanders regarding the above motion. The Receptionist asked for Plaintiff's Counsel's number so that Mr. Sanders could return the call. However, no return call has been received at the time of filing. Based on prior conversations with Defense Counsel. Plaintiff counsel reasonable believes that Mr. Sanders will not voluntarily revoke Defendants' disputed Requests for Production of Documents and that intervention of the Court is necessary. Agreement not being reached, the Motion is submitted to the Court.

>*/s/ Eric N. Roberson*
>_____
>ERIC N. ROBERSON

## CERTIFICATE OF SERVICE

The undersigned Plaintiff's Counsel, Eric Roberson, certifies that, simultaneous with filing, this Response has been served on all counsel of record via ECF.

>*/s/ Eric N. Roberson*
>_____
>ERIC N. ROBERSON