# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | § | |
| | § | |
| v. | § | CASE NO. 4:15-CV-829 |
| | § | Judge Mazzant |
| LIBERTY SUPPLY CO., also d/b/a Omni Services; ET. AL. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Federal Trade Commission's Motion to Strike Defendants' Jury Demand (Dkt. #82), Plaintiff Federal Trade Commission's Motion to Strike Defendants' Affirmative Defenses (Dkt. #108), and Plaintiff Federal Trade Commission's Motion to Strike Defendant Norma Hart's Affirmative Defenses (Dkt. #121). After reviewing the relevant pleadings, the Court finds that the FTC's motion to strike the jury demand should be granted, the FTC's motion to strike Defendants' affirmative defenses should be granted in part and denied in part, and the FTC's motion to strike Defendant Norma Hart's affirmative defenses should be granted in part and denied in part.

### BACKGROUND

On December 4, 2015, the Federal Trade Commission (the "FTC") filed the present case to stop Defendants' deceptive sales of non-durable business supplies to churches, schools, and small businesses nationwide (Dkt. #1). On December 4, 2015, the Court entered an *ex parte* temporary restraining order (the "TRO"), and set the preliminary injunction hearing for December 17, 2015 (Dkt. #12). The Court conducted its preliminary injunction hearing, and entered its preliminary injunction on December 30, 2015 (Dkt. #36).

On February 19, 2016, Defendants John B. Hart ("John Hart"), Liberty Supply Company ("Liberty Supply"), Mia L. McCrary ("McCrary"), and Nor-Jay Enterprises ("Nor-Jay")

1

(collectively, the "Liberty Supply Defendants") filed their answer to the complaint, in which they asserted their right to a jury trial (Dkt. #73).

On February 23, 2016, the FTC filed an amended complaint, in which it added Norma Hart and Texas 110 as defendants (Dkt. #76). The FTC's amended complaint stated that it sought to obtain "permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices…." (Dkt. #76 at p. 2). On May 2, 2016, Texas 110 filed its answer to the amended complaint (Dkt. #103). On May 6, 2016, the Liberty Supply Defendants filed their answer to the amended complaint, in which they requested that the matter be tried before a jury, and asserted seven other affirmative defenses (Dkt. #104). On May 27, 2016, Norma Hart filed her answer to the amended complaint, in which she requested that the matter be tried before a jury, and asserted six additional affirmative defenses (Dkt. #109).

On February 25, 2016, the Liberty Supply Defendants filed their demand for a jury trial (Dkt. #80). On March 3, 2016, the FTC filed its Motion to Strike Defendants' Jury Demand (Dkt. #82). On March 21, 2016, the Liberty Defendants filed their response (Dkt. #84). On March 24, 2016, the FTC filed its reply (Dkt. #87).

On May 26, 2016, the FTC filed its Motion to Strike the Defendants' Affirmative Defenses (Dkt. #108). On June 13, 2016, the Liberty Supply Defendants filed their response (Dkt. #115). On June 23, 2016, the FTC filed its reply (Dkt. #123). On July 5, 2016, the Liberty Supply Defendants filed their sur-reply (Dkt. #139).

On June 20, 2016, the FTC filed its Motion to Strike Defendant Norma Hart's Affirmative Defenses (Dkt. #121). On July 5, 2016, Norma Hart filed her response (Dkt. #141).

**ANALYSIS**

*Motion to Strike Jury Demand (Dkt. #82)*:

The FTC asks the Court to strike Defendants' Jury Demand (Dkt. #82).[1] Defendants assert that the jury demand should not be stricken as the motion is premature (*See* Dkt. #84). Defendants' deadline for amended pleadings passed on July 15, 2016. As Defendants, including Norma Hart, have included their right for a jury trial within their answer, and have not filed any additional pleadings, the Court finds that the motion is ripe, and will address the parties' arguments.

The Seventh Amendment guarantees a litigant's right to a trial by jury "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. CONST. amend. VII. The scope of this right is analyzed under a two-prong inquiry. First, the Court must determine whether the cause of action is analogous to a suit at law or a suit in equity in eighteenth century England. *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 708 (1999); *Borst v. Chevron Corp.*, 36 F.3d 1308, 1323 (1994). The Court must also examine whether the relief sought is "legal or equitable in nature." *Id.* The second step carries more weight than the first. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989). In order to be entitled to a jury trial under the Seventh Amendment, the relief sought by the plaintiff must be characterized as legal. *Tull v. United States*, 481 U.S. 412, 425 (1987).

Under the first-prong of the test, the FTC's claims are equitable in nature. The FTC has brought the present action under Sections 13(b) and 19 of the FTC Act, and sought only equitable relief in the form of injunctive and ancillary equitable monetary relief (Dkt. #76 at pp. 14-15). Federal courts, including a district court within the Eastern District of Texas, "have

---

[1] Defendants have each included within their answers, an affirmative defense for the right to trial by jury. Therefore, the Court's analysis regarding the FTC's motion to strike the jury demand will also apply to Defendants' affirmative defenses.

unanimously held that the Seventh Amendment does not provide a right to a trial by jury in actions brought under Section 13(b)." *FTC v. Think All Publ'g L.L.C.*, 564 F. Supp. 2d at 663, 665 (E.D. Tex. 2008); *see FTC v. Verity Int'l, Ltd.*, 443 F.3d 48, 67 (2d Cir. 2006); *FTC v. Seismic Entm't Prods., Inc.*, 441 F. Supp. 2d 349, 353 (D.N.H. 2006); *FTC v. Bronson Partners, L.L.C.*, No. 3:04cv1866, 2006 WL 197357, at *4 (D.Conn. Jan. 25, 2006); *FTC v. Ne. Telecomm., Ltd.*, No. 96-6081-CV, 1997 WL 599357, at *3 (S.D. Fla. June 23, 1997); *FTC v. Hang-Ups Art Enters., Inc.*, No. CV 95-0027, 1995 WL 914179, at *1-2 (C.D. Cal. Sept. 27, 1995); *FTC v. Febre*, No. 94 CV 3625, 1994 WL 702711, at *1-2 (N.D. Ill. Dec. 15, 1994); *FTC v. Abbott Labs.*, No. 92-1364, 1992 WL 427476, at *1 (D.D.C. Dec. 7, 1992).

This finding is consistent with the view of the authority of district courts in Section 13(b) cases given by the Fifth Circuit and other Circuit Courts of Appeals. *Think All Publ'g L.L.C.*, 564 F. Supp. 2d at 665; *see FTC v. Sw. Sunsites, Inc.*, 665 F.2d 711, 718 (5th Cir. 1982); *Verity*, 443 F.3d at 66, n. 5-9. For instance, in *Southwest Sunsites*, the Fifth Circuit made clear that in Section 13(b) cases, the district courts may use "the full range of equitable remedies traditionally available." *Sw. Sunsites, Inc.*, 665 F.2d at 718. The Fifth Circuit and numerous other courts have held that actions under § 13(b) of the FTC Act are equitable in nature, even when seeking ancillary monetary relief. *See Sw. Sunsites, Inc.*, 665 F.2d at 718; *see also FTC v. Febre*, 128 F.3d 530, 534-36 (7th Cir. 1997) (holding "ancillary equitable relief" under 13(b) includes "the power to order repayment of money for consumer redress as restitution" and affirming $16 million in disgorgement); *FTC v. Gem Merch. Corp.*, 87 F.3d 466, 468 (11th Cir. 1996) (awarding refund of $100 to 5,000 consumers as equitable consumer redress under 13(b)); *FTC v. Amy Travel Serv., Inc.*, 875 F.2d 564, 571 (7th Cir. 1989) (holding section 13(b)'s authority to

grant injunctions includes authority to grant equitable monetary relief, "such as rescission and restitution.").

Likewise, courts have found that there is no right to a jury trial in cases brought under Section 19 of the FTC Act to enforce rule violations when those cases are seeking equitable relief, as in the present case. *See FTC v. Mazzoni & Son, Inc.*, No. 06-15766, 2007 WL 3413086, at *3 (E.D. Mich. Aug. 14, 2007); *FTC v. Commonwealth Mktg. Grp., Inc.*, 72 F. Supp. 2d 530, 543-45 (W.D. Pa. 1999); *FTC v. AMREP Corp.*, 705 F. Supp. 119, 126 (S.D.N.Y. 1988).

The Court must now turn to the second prong of the analysis, whether the relief sought is "legal or equitable in nature." *City of Monterey*, 526 U.S. at 708. The Court finds that the remedies that the FTC seeks in the present action are traditional equitable remedies. In the present case, the FTC seeks a permanent injunction, restitution, rescission of contracts, and disgorgement, which have all been held to be equitable remedies, as they serve to reinstate the parties to their positions prior to the challenged conduct. *See Chauffeurs, Teamsters, & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570 (1990); *Tull*, 481 U.S. at 423-24; *Think All Publ'g, L.L.C.*, 564 F. Supp. 2d at 665; *FTC v. H.N. Singer*, 668 F.2d 1107, 1110-12 (9th Cir. 1982) (restitution and rescission are appropriate equitable remedies under Sections 13(b) and 19). Additionally, restitution of money is an equitable remedy. "Merely because [a] case involves a claim for restitution of money does not detract from its equitable nature." *Simpson v. Office of Thrift Supervision*, 29 F.3d 1418, 1423-24 (9th Cir. 1994); *see Think All Publ'g, L.L.C.*, 564 F. Supp. 2d at 665. As the FTC's action contains only equitable relief and ancillary monetary relief, the Court finds that its motion to strike the jury demand should be granted.

*Motion to Strike Affirmative Defenses (Dkt. #108; Dkt. #121)*:

The FTC also asks the court to strike each of the affirmative defenses pleaded by the Defendants.

Rule 12(f) empowers the Court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions under Rule 12(f) are generally disfavored. *Think All Publ'g, L.L.C.*, 546 F. Supp. 2d at 665 (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)). Defenses should be struck only "when the defense is insufficient as a matter of law." *Id.*

First, the FTC alleges that "Defendants have not set forth in their Answers circumstances or conduct to support each of their affirmative defenses sufficient to give the FTC fair notice of the nature of the defenses, as required by Federal Rule of Civil Procedure 8." (Dkt. #108 at p. 3; *see* Dkt. #121 at p. 3). Affirmative defenses are subject to the same pleading standards as complaints under Rule 8. *Teirstein v. AGA Med. Corp.*, No. 6:08cv14, 2009 WL 704138, at *2 (E.D. Tex. Mar. 16, 2009) (citing *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)). However, the Fifth Circuit has explicitly acknowledged that "in some cases, merely pleading the name of the affirmative defense…may be sufficient" to give the plaintiff fair notice of the defense being advanced. *Teirstein*, 2009 WL 704138, at *6 (citing *Woodfield*, 193 F.3d at 362). The Court finds that Defendants' have sufficiently pleaded their affirmative defenses to put the FTC on notice of the defense that is being advanced, except as to Defendants' affirmative defenses that are related to the Fifth Amendment and are addressed below.[2] [3]

---

[2] The FTC also asserts that public policy favors striking improper affirmative defenses that frustrate law enforcement actions (Dkt. #108 at p. 4; Dkt. #121 at p. 4). Specifically, the FTC argues that "Defendants should not be permitted to use legally insufficient 'affirmative defenses' to frustrate the purpose of a federal statute or to thwart public policy." (Dkt. #108 at p. 4; Dkt. #121 at p. 4). The Court finds that Defendants' affirmative defenses do not "thwart public policy[,]" and thus, will not strike Defendants' affirmative defenses on this ground.

[3] The FTC also asserts that Defendants' affirmative defenses should be stricken because they are actually negative defenses, and thus, simply repeat Defendants' denials of the allegations of the amended complaint (*see* Dkt. #108 at

The FTC asserts that Defendants' first and second affirmative defenses[4] should be stricken as insufficient, redundant, immaterial, or impertinent as a matter of law (Dkt. #108 at p. 5; Dkt. #121 at p. 5). The FTC further alleges that Defendants' first and second affirmative defenses allege three separate defenses: "(1) an alleged failure of the FTC to plead with particularity; (2) an alleged lack of knowledge; and (3) an alleged existence of good faith." (Dkt. #108 at p. 5; Dkt. #121 at p. 5)[5].

First, the FTC asserts that Defendants' affirmative defenses should be stricken as they improperly plead a failure to state a claim assertion (Dkt. #108 at pp. 5-6; Dkt. #121 at pp. 5-6). "This defense [was] specifically recognized in Form 30 of the Appendix to the Federal Rules of Civil Procedure….Federal Rule of Civil Procedure 84 provides that 'The forms in the Appendix suffice under these rules.'" *Two Men and a Truck Int'l, Inc. v. Two Guys Moving Bossier, LLC*, No. 15-254-SDD-RLB, 2015 WL 7573216, at *1 (M.D. La. Nov. 25, 2015). Rule 84 has since been repealed effective December 1, 2015, and the Appendix of Forms has likewise been effective December 1, 2015. *See* FED. R. CIV. P. 84; *see also Two Men and a Truck Int'l, Inc.*, 2015 WL 7573216, at *1 n. 8. As Defendants have not brought a Rule 12(b) motion prior to

---

pp. 4-5; *see* Dkt. #121 at pp. 4-5). "A negative defense is 'one which tends to disprove one or all of the elements of a complaint.'" *Think All Publ'g, LLC*, 564 F. Supp. 2d at 665 (quoting *Emmons v. S. Pac. Transp. Co.*, 701 F.2d 1112, 1118 (5th Cir. 1983) (internal quotation marks and citation omitted)). "In other words, a negative defense is the equivalent of a defendant saying, 'I did not do it.'" *Id.* Under Rule 12(f), negative defenses are redundant, and should be stricken so that they are not raised a second time as an affirmative defense. *See Think All Publ'g, L.L.C.*, 564 F. Supp. 2d at 666. As the FTC does not point out which of the affirmative defenses, it claims are negative defenses, the Court will not make a determination on this issue.

[4] This affirmative defense is referenced as Norma Hart's first affirmative defense (Dkt. #109 at pp. 8-9). As the defenses are identical, the Court will address them together.

[5] Defendants' affirmative defense states as follows:
> Defendant McCrary denies she is responsible for acts not pled with specificity, and acts not discernible from the pleadings. She has been deprived of access to the particulars of some of the transactions, as the Receiver has delivered documents pertinent to this matter to a third party, and she has yet been disadvantaged by being, as a practical matter, deprived of the ordinary right to prepare and present a defense thus far. She cannot know the particulars of the charges leveled at her, or whether, on occasion, an employee/contractor of any of the corporate defendants, may have crossed a line. What she knows is that she tried to operate within the bounds of the law.

(Dkt. #104 at p. 6). There are identical affirmative defenses for John Hart and Norma Hart (Dkt. #104 at p. 7; Dkt. #108 at p. 8).

filing their answers, their defense is effectively waived. *See Hill v. Hunt*, No. 3:07-CV-2020-O, 2010 WL 54756, at *2 (N.D. Tex. Jan. 4, 2010) ("A defendant's 12(b)(6) defenses is waived if the defendant files an answer before presenting the defense."). Therefore, the Court finds that Defendants' affirmative defense is not properly brought, it should be stricken. Therefore, the FTC's motion should be granted as to Defendants' affirmative defense of failure to state a claim.

The FTC also asserts that the affirmative defenses allege lack of knowledge, and should be stricken (Dkt. #108 at p. 6; Dkt. #121 at p. 6). Many courts have found knowledge is a requirement to the FTC proving that an act is deceptive, as to the individual defendants. *FTC v. RCA Credit Servs., LLC*, 727 F. Supp. 2d 1320, 1339 (M.D. Fla. 2010) ("Individuals may be held personally liable for corporate FTC violations if the FTC shows that the individuals (1) participated directly in the deceptive acts or practices or (2) had authority to control them and had *some knowledge of the practices*.") (emphasis added); *Amy Travel Serv., Inc.*, 875 F.2d at 573 (In demonstrating individual liability, "[t]he FTC must…demonstrate that the individual has *some knowledge* of the practices.") (emphasis added); *see FTC v. Ross*, 897 F. Supp. 2d 369, 381 (D.Md. 2012); *FTC v. Med. Billers Network, Inc.*, 543 F. Supp. 2d 283, 320 (S.D.N.Y. 2008). Additionally, the FTC concedes that "[t]o obtain monetary relief, the [FTC] must show that an individual Defendant 'had *actual knowledge* of the deceptive conduct, was recklessly indifferent to its deceptiveness, or had an awareness of a high probability of deceptiveness and intentionally avoided learning the truth.'" (Dkt. #108 at pp. 5-6; Dkt. #121 at pp. 5-6) (quoting *FTC v. Ross*, 743 F.3d 886, 892-93 (4th Cir. 2014)). The Court finds that Defendants have provided fair notice to the FTC as to the basis of their "lack of knowledge" affirmative defense; therefore, the Court finds that the motion to strike should be denied.

The FTC also asserts that the affirmative defenses allege good faith and should be stricken "because the law is well established that good faith is not a valid defense to liability under the FTC Act." (Dkt. #108 at p. 7; Dkt. #121 at p. 7). However, the Court declines to strike Defendants' first and second affirmative defenses to the extent that they allege good faith. The Fifth Circuit has not determined that good faith is a legally insufficient defense to liability under the FTC Act. *See FTC v. Verma Holdings, LLC*, No. 4:13-cv-00594, 2013 WL 4506033, at *5 (S.D. Tex. Aug. 22, 2013). Like the district court in *Verma Holdings, LLC*, the Court will not make a determination of this issue with the limited briefing before it. As Defendants' affirmative defenses provide fair notice to the FTC as to the basis of their good faith affirmative defense, the Court finds that the motion to strike should be denied.

The FTC asserts that Defendants' third, fourth, and fifth affirmative defenses[6] are "insufficient attempts to relitigate [the] Court's Preliminary Injunction and Asset Freeze[.]" (Dkt. #108 at p. 7; Dkt. #121 at p. 7). The FTC asserts that the allegations do not state an affirmative defense, and should be stricken as insufficient, immaterial, and/or impertinent. (Dkt. #108 at p. 8; Dkt. #121 at p. 8). After reviewing the relevant pleadings, the Court finds Defendants' third fourth, and fifth affirmative defenses are attempts to relitigate the Preliminary Injunction and Asset Freeze. As such, the Court finds that Defendants' claims are not properly asserted as affirmative defenses, and thus will strike those defenses.

The FTC also requests that the Court strike Defendants' sixth affirmative defense[7], which states, "All Defendants assert the right to commercial free speech under the First Amendment to the United States Constitution." (Dkt. #104 at p. 8; Dkt. #109 at p. 9). The FTC contends that

---

[6] These affirmative defenses are referenced as Norma Hart's second, third, and fourth affirmative defense (Dkt. #109 at p. 9). As the defenses are identical, the Court will address them together.
[7] This affirmative defense is referenced as Norma Hart's fifth affirmative defense (Dkt. #109 at p. 9). As the defenses are identical, the Court will address them together.

"[t]he States and the Federal Government are free to prevent the dissemination of commercial speech that is false, deceptive, or misleading."  (Dkt. #108 at pp. 8-9; Dkt. #121 at pp. 8-9) (quoting *Zauderer v. Off. of Disciplinary Counsel*, 471 U.S. 626, 638 (1985)).  As no trier of fact has found that Defendants' practices are false or deceptive, "there may be some set of facts that support the defendant's claim that their actions are protected by the First Amendment." *Verma Holdings, LLC*, 2013 WL 4506033, at *7 (quoting *Bronson Partners, LLC*, 2006 WL 197357, at *2 (citation omitted)).  However, the Court agrees that Defendants' have not pleaded any factual allegations to support their affirmative defense; and therefore, do not provide sufficient notice of how the relief sought by the FTC infringes on their First Amendment rights.  The Court grants Defendants leave to amend their sixth affirmative defense to comply with the Federal Rules of Civil Procedure.

The FTC also requests that the Court strike Defendants' seven affirmative defense[8], which states, "All Defendants assert the right to not being deprived of property rights without due process of law under the Fifth Amendment to the United States Constitution."  (Dkt. #108 at p. 9; Dkt. #121 at p. 9).  Defendants assert that their Fifth Amendment affirmative defense pertains to the TRO and the preliminary injunction in the present case (Dkt. #115 at p. 6).  As such, the Court finds that Defendants' claim is not properly asserted as an affirmative defense, and thus, will strike the defense.

The FTC also requests that the Court strike Defendants' eighth affirmative defense[9], their "right to a jury trial."  (Dkt. #108 at p. 10; Dkt. #121 at p. 10).  The Court has already addressed

---

[8] This affirmative defense is referenced as Norma Hart's sixth affirmative defense (Dkt. #109 at p. 9).  As the defenses are identical, the Court will address them together.
[9] This affirmative defense is referenced as Norma Hart's seventh affirmative defense (Dkt. #109 at p. 9).  As the defenses are identical, the Court will address them together.

the Defendants' demand for a jury trial above, and the Court found it should be stricken. Therefore, the Court will likewise strike Defendants' eighth affirmative defense.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Federal Trade Commission's Motion to Strike Defendants' Jury Demand (Dkt. #82) is hereby **GRANTED**.

It is further **ORDERED** that Plaintiff Federal Trade Commission's Motion to Strike Defendants' Affirmative Defenses (Dkt. #108) is hereby **GRANTED IN PART AND DENIED IN PART**. Defendants' affirmative defenses are struck, as to the following: (1) Defendants' first affirmative defense, as to the extent that it pleads a failure to state a claim defense (Defendants' failure to plead with specificity, lack of knowledge, and good faith defense); (2) Defendants' second affirmative defense, as to the extent that it pleads a failure to state a claim defense (Defendants' failure to plead with specificity, lack of knowledge, and good faith defense); (3) Defendants' third affirmative defense (Defendants' "have already suffered great damage" defense); (4) Defendants' fourth affirmative defense (FTC's failure in duty of candor and unfair advantage defense); (5) Defendants' fifth affirmative defense (FTC has taken untainted assets in violation of law defense); (6) Defendants' seventh affirmative defense (Defendants' deprivation of property rights under Fifth Amendment defense); and (7) Defendants' eighth affirmative defense (jury demand).

It is further **ORDERED** that Plaintiff Federal Trade Commission's Motion to Strike Defendant Norma Hart's Affirmative Defenses (Dkt. #121) is hereby **GRANTED IN PART AND DENIED IN PART**. Defendant's affirmative defenses are struck, as to the following: (1) Defendant's first affirmative defense, as to the extent that it pleads a failure to state a claim defense (Defendant's failure to state a claim with specificity, lack of knowledge, and good faith

defense); (2) Defendant's second affirmative defense (Defendant's "have already suffered great damage" defense); (3) Defendant's third affirmative defense (FTC's failure in duty of candor and unfair advantage defense); (4) Defendant's fourth affirmative defense (FTC has taken untainted assets in violation of law defense); (5) Defendant's sixth affirmative defense (Defendant's deprivation of property rights under Fifth Amendment defense); (6) Defendant's seventh affirmative defense (jury demand).

It is further **ORDERED** that Defendants may file an amended answer to address only the following claims: (1) to delete the portions of the affirmative defenses that the Court did strike; and (2) Defendants' First Amendment defense, as laid out within the Court's Order. Defendants must file any amended answer by no later than 14 days of this Order, if they desire to pursue these affirmative defenses. No other new allegations may be alleged within their amended answers without leave of Court.

**SIGNED this 29th day of July, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE