# United States District Court

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | § | |
| | § | |
| v. | § | CASE NO. 4:15-CV-829 |
| | § | Judge Mazzant |
| LIBERTY SUPPLY CO., also d/b/a Omni | § | |
| Services; et al. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Federal Trade Commission's Motion for Protective Order to Quash Certain Portions of Defendants' First Request for Production to Federal Trade Commission (Dkt. #112). After reviewing the relevant pleadings, the Court finds that the motion should be granted in part and denied in part.

## BACKGROUND

On December 4, 2015, the Federal Trade Commission (the "FTC") filed its complaint against Defendants, in which it alleged that Defendants operated an unlawful office supply scam that violated the Federal Trade Commission Act (the "FTC Act"), 15 U.S.C. § 45(a), the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and the Unordered Merchandise Statute, 39 U.S.C. § 3009 (Dkt. #1). Also on December 4, 2015, Plaintiff requested an ex parte Temporary Restraining Order ("TRO") with injunctive, receivership, and asset freeze provisions (Dkt. #4). On December 4, 2015, the Court granted Plaintiff's Motion for Temporary Restraining Order, entered its temporary restraining order, and set the case for a show cause for December 17, 2015, at 10:00 a.m. (Dkt. #12).

On December 17, 2015, the Court held a preliminary injunction hearing, and at the end of the hearing, extended the TRO for fourteen days to allow the parties to brief the issue regarding the proper scope of the asset freeze under the FTC Act (Dkt. #30). On December 30, 2015, the

Court entered its Preliminary Injunction, which continued the appointment of the receiver, enjoined further violations of law, and continued the asset freeze against Defendants (Dkt. #36). Also on December 30, 2015, the Court entered its Order Regarding Receiver's Motion for Miscellaneous Relief (Dkt. #37), which the Court later amended on January 8, 2016 (Dkt. #42).[1]

On May 31, 2016, the FTC filed its Motion for Protective Order to Quash Certain Portions of Defendants' First Request for Production to Federal Trade Commission (Dkt. #112). On June 17, 2016, Defendants filed their response (Dkt. #119). On June 27, 2016, the FTC filed its reply (Dkt. #124). On July 7, 2016, Defendants filed their sur-reply (Dkt. #145).

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) was amended, effective December 1, 2015, and states as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties; resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). The "[c]ontrol of discovery is committed to the sound discretion of the trial court…" *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 373 (5th Cir. 1987) (citing *Mayo v. Tri-Bell Indus.*, 787 F.2d 1007, 1012 (5th Cir. 1986)).

---

[1] The Court amended its Order after Receiver filed her Emergency Motion for Amended Order Regarding Miscellaneous Relief, in which Receiver requested that the Court amend the order to conform the entities whose assets are subject to the Order to the definitions in the Preliminary Injunction (Dkt. #38 at p. 3). Defendants filed their response on January 7, 2016 (Dkt. #40). Receiver filed her reply on January 8, 2016 (Dkt. #41). After reviewing the pleadings, the Court granted Receiver's emergency motion, and entered the Amended Order Regarding Receiver's Motion for Miscellaneous Relief (Dkt. #42).

## ANALYSIS[2]

In the present case, the FTC moves to quash request numbers two through fourteen of Defendants' First Requests for Production ("RFPs") (Dkt. #112 at p. 1). The FTC asserts that Defendants' RFPs seek the following information:

> Requests 2(a-bb) seek "with respect to each paragraph of the FTC's First Amended Complaint (Dkt. 76),…each document which supports the FTC's position and assertion, including but not limited to [28 identified paragraphs and/or allegations in FTC's Amended Complaint];"
> Request 3 seeks all documents that triggered the FTC's investigation;
> Request 4 seeks all documents relevant to any witness in the FTC's investigation;
> Request 5 seeks all documents evidencing contact with individuals prior to filing the initial complaint;
> Request 6 seeks all documents regarding the FTC's pre-complaint understanding of the Defendant's size;
> Request 7 seeks all documents evidencing how the FTC determined how many persons would conduct the immediate access in this matter;
> Request 8 seeks all documents evidencing the investigation up to the Complaint;
> Request 9 seeks all documents evidencing the investigation up to the time a decision was made to seek a TRO;
> Request 10 seeks all documents evidencing the investigation up to the time when the FTC decided to seek appointment of a Receiver;
> Requests 11 and 12 seek all documents evidencing consumer harm or reflecting the basis of calculating damages in this matter;
> Requests 13 and 14 seeks all documents showing the FTC's patterns, habits, practices, or policies regarding nine specific areas including monetary relief, injury, and freezing assets potentially protected by bankruptcy or other exemptions; and
> Requests 15-18 seek documents based on showing the fair market value of items seized during the immediate access of the Defendants' office and warehouse building.

(Dkt. #112 at pp. 1-2). The FTC argues that Defendants' requests should be quashed on the following grounds: (1) privilege; (2) relevance and undue burden; and (3) overbroad requests that constitute fishing expeditions (Dkt. #112 at p. 2). Also, the FTC requests protection from

---

[2] The Court agrees with Defendants that the FTC did not fully address each and every Request for Production that they asserted should be quashed. Therefore, in making its determination regarding the present motion, the Court will only address those RFP's that (1) the FTC adequately addressed within its briefing regarding the motion to quash; or (2) the Court can easily discern fall into one of the FTC's asserted categories.

the Court denying Defendants' request for documents in multiple electronic forms (Dkt. #112 at p. 2).

Defendants argue that their requests are relevant and not subject to any of the FTC's asserted privileges[3] (Dkt. #119). Additionally in their sur-reply, Defendants modified their requests as follows:

> a) Req. No. 2, to withdraw or narrow each of the subcategories listed if the FTC repleads to provide particularity of each of the ambiguous terms described; b) Req. No. 3, modify to add after the first nine words "in relation to this case;" c) Req. No. 4, modify to add after the first 11 words, "in relation to this case;" d) Req. No. 9, withdrawn; e) Req. No. 10, withdrawn; f) Req. No. 13, modified by inserting "routinely" before "used by the FTC…" on the Request's second line; g) Req. No. 13 i) withdrawn; h) Req. No. 14 i) withdrawn; i) Req. Nos. 16-18, withdrawn; j) Req. Nos. 1-15, modified to exclude any requirement to produce any published district court and higher case decisions, to the extent they are responsive; j) Req. Nos. 1-15, modified to exclude a requirement to produce any responsive documents dated 7 years before the filing of this case.

(Dkt. #145 at pp. 4-5).[4]

As a preliminary matter, Defendants assert that the FTC has failed to confer with Defendants prior to May 30, 2016 (Dkt. #119 at pp. 1-2). Local Rule CV-7(f) states the following:

> The "meet and confer" motions practice requirement imposed by this rule has two components, a substantive and a procedural component.
>
> For opposed motions, the substantive component requires, at a minimum, a personal conference, by telephone or in person, between an attorney for the movant and an attorney for the non-movant. In any discovery-related motion, the substantive component requires, at a minimum, a personal conference, by telephone or in person, between the lead attorney and any local counsel for the movant and the lead attorney and any local counsel for the non-movant.

---

[3] Specifically, Defendants argue that the FTC has not properly preserved any privilege objections (Dkt. #119 at p. 6). Therefore, Defendants assert that "[i]t is impossible for Defendants and the Court to properly evaluate these assertions until the FTC provides a detailed privilege log sufficient to allow a proper assessment of the privilege claims." (Dkt. #119 at pp. 6-7).

[4] As Defendants have modified their RFPs, the Court will make its determination based upon Defendants' modified requests.

> In the personal conference, the participants must give each other the opportunity to express his or her views concerning the disputes. The participants must also compare views and have a discussion in an attempt to resolve their differing views before coming to court. Such discussion requires a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the strengths of each position.
>
> In discovery-related matters, the discussion shall consider, among other things: (1) whether and to what extent the requested material would be admissible in a trial or is reasonably calculated to lead to the discovery of admissible evidence; (2) the burden and costs imposed on the responding party; (3) the possibility of cost-shifting or sharing; and (4) the expectations of the court in ensuring the parties fully cooperate in discovery of relevant information.

L.R. CV-7(h). Defendants state that during the conference, for the present motion, "the FTC essentially sought the complete withdrawal of 13 of the 18 production requests. There was no serious effort to seek common ground on narrowing any of the disputed request, [as] demonstrated by the FTC waiting until the last minute to even raise the topic." (Dkt. #119 at p. 2). The Court finds that the FTC has complied with the provisions of Local Rule CV-7(h); and therefore, it will address the FTC's arguments.

*Relevance:*

First, the FTC asserts that Defendants' Requests for Production numbers three through ten and numbers thirteen through fourteen should be quashed as they are not relevant (Dkt. #112 at p. 9). Defendants assert that their requests are relevant, as they "are entitled to review responsive documents to determine which will aid in their defense." (Dkt. #119 at p. 7).

When determining relevancy, the courts look to Federal Rule of Evidence 401, which states, as follows:

> Evidence is relevant if:
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
> (b) the fact is of consequence in determining the action.

FED. R. EVID. 401; *Enron Corp. Savings Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 159 (S.D. Tex. 2009) (quoting FED. R. EVID. 401) (internal quotations omitted). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Id.* (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (internal quotations omitted)). Additionally, Local Rule CV-26(d) requires the disclosure of anything that may hurt or help a plaintiff's case. Local Rule CV-26(d) states:

> The following observations are provided for counsel's guidance in evaluating whether a particular piece of information is "relevant to the claim or defense of any party."
> (1) it includes information that would not support the disclosing parties' contentions;
> (2) it includes those persons who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the parties;
> (3) it is information that is likely to have an influence on or affect the outcome of the claim or defense;
> (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense; and
> (5) it is information that reasonable and competent counsel would consider reasonably necessary to prepare evaluate, or try a claim or defense.

L.R. CV-26(d). "The party resisting discovery bears the burden to clarify and explain its objections and to provide support for those objections." *Enron Corp. Savings Plan*, 258 F.R.D. at 159 (S.D. Tex. 2009) (citing *Merrill*, 227 F.R.D. at 470-71; *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999)).

Additionally, the Fifth Circuit requires that "the party resisting discovery 'must show specifically how…each [request] is not relevant or how each question is overly broad, burdensome or oppressive.'" *Enron Corp. Savings Plan*, 258 F.R.D. at 159 (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *S.E.C. v. Brady*, 238 F.R.D. 429, 436 (N.D. Tex. 2006)).

> In order to satisfy its burden, the objecting party must make a specific, statement by a party that a request is "overly broad and unduly burdensome" is not adequate to voice a successful objection…Broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request…. "A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."

*Enron Corp. Savings Plan*, 258 F.R.D. at 159 (quoting *Brady*, 238 F.R.D. at 437).

Defendants' Request for Production number six seeks, "[a]ll documents showing the anticipated size of the Defendants' operations prior to filing the Application for a Temporary Restraining Order, and the number of agents or persons assisting the FTC." The Court finds that the the anticipated size of Defendants' operation before filing the TRO, as well as the number of agents or persons that assisted the FTC is irrelevant to the claims within the present case. Thus, the Court finds that Defendants' Request for Production Six should be quashed.

The Court also finds that Request Seven is irrelevant, and thus, should be quashed. Request Seven seeks "[a]ll documents evidencing the basis, by policy or experience, for requesting that many agents or persons assisting the FTC." The Court finds that the number of agents assisting in the FTC investigation is not relevant to the present action, and thus, finds that Request for Production Seven should be quashed.

The Court also finds that Defendants' Requests for Production Thirteen and Fourteen are irrelevant, and should be quashed. Defendants' Requests for Production Thirteen and Fourteen request documents that would demonstrate various FTC policies, as well as exceptions to FTC policies (Dkt. #112, Exhibit A). The Court finds that the information relating to FTC policies, as well as exceptions to those policies, are irrelevant the claims in the present case. Therefore, the Court finds that Defendants' Requests for Production numbers thirteen and fourteen should be quashed.

7

*Overbroad Requests*

The FTC asserts that Defendants' Requests for Production numbers two through fourteen should be quashed because they are facially overbroad (Dkt. #112 at p. 12). Defendants did not respond to this argument.

The Court finds that Defendants' Request for Production number two, and all of its subsections (a-bb), are overbroad. It appears that Defendants are seeking clarifications on the terms used within the FTC's First Amended Complaint. The Court has already addressed Defendants' contention within its order on Texas 110, Inc.'s Motion for a More Definite Statement (Dkt. #162). The corresponding RFP's are overbroad, and thus Defendants' Request for Production number two should be quashed in its entirety.

The Court also finds the Defendants' Requests for Production numbers three through five and number eight should be quashed as they are overbroad. The FTC has asserted that it has provided Defendants with all relevant documents (*see* Dkt. #112 at p. 12). Defendants' requests are not sufficiently tailored to the claims in the present case. The Court finds that Defendants' requests constitute an overly broad fishing expedition, and thus should be quashed.[5]

*Privileges*

The FTC also asserts that Defendants request documents that are privileged under the following: (1) the law enforcement privilege; (2) the government deliberative process privilege; (3) attorney-client privilege; and (4) the attorney work product doctrine (Dkt. #112 at p. 1). Defendants assert the following: (1) the FTC has not properly asserted their privileges; and (2) the documents are not subject the asserted privileges (Dkt. #119 at pp. 3-4).

---

[5] Additionally, the Court has not considered Defendants' RFPs numbers nine and ten, as Defendants have withdrawn those RFPs in their sur-reply (*See* Dkt. #145 at pp. 4-5).

"The law enforcement privilege 'protect[s] government documents relating to an ongoing *criminal* investigation.'" *S.E.C. v. Cuban*, No. 3:08-CV-2050-D, 2013 WL 1091233, at *8 (N.D. Tex. Mar. 15, 2013) (quoting *In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 569-70 n. 2 (5th Cir. 2006) (emphasis added)). "[T]he law enforcement privilege is bounded by relevance and time constraints." *Id.* (quoting *In re U.S. Dep't of Homeland Sec.*, 459 F.3d at 571). The privilege "lapses after a reasonable period of time," and

> [s]everal types of information probably would not be protected, including documents pertaining to: (1) people who have been investigated in the past but are no longer under investigation, (2) people who merely are suspected of a violation without being part of an ongoing criminal investigation, and (3) *people who may have violated only civil provisions*.

*Id.* (emphasis added).

The deliberative process privilege "protects predecisional materials 'reflecting deliberative or policy-making processes,' but not materials that are 'purely factual.'" *Id.* at *9 (quoting *Skelton v. U.S. Postal Serv.*, 678 F.2d 35, 38 (5th Cir. 1982) (quoting *E.P.A. v. Mink*, 410 U.S. 73, 87-89 (1973))). "Facts are privilege to the extent they are intertwined within analysis or evaluation." *Id.*; *see EEOC v. Fina Oil & Chem. Co.*, 145 F.R.D. 74, 75 (E.D. Tex. 1992).

The attorney-client privilege is "the oldest and most venerated of the common law privilege of confidential communications [and] serves [an] important interest in our judicial system." *United States v. Edwards*, 303 F.3d 606, 618 (5th Cir. 2002); *see Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The privilege is intended to encourage "full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." *Upjohn*, 449 U.S. at 389. However, "the privilege is not absolute…." *Edwards*, 303 F.3d at 618.

"Work product is not a substantive privilege within the meaning of Federal Rule of Evidence 501." *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 476 (N.D. Tex. 2004) (citing *Interphase Corp. v. Rockwell Int'l Corp.*, No. 3-96-CV-0290-L, 1998 WL 664969, at *4 (N.D. Tex. Sept. 22, 1998)); *see also Pete Rinaldi's Fast Foods, Inc. v. Great Am. Ins. Co.*, 123 F.R.D. 198, 201 (M.D.N.C. 1998) (work product doctrine is merely qualified immunity from discovery "not having an intrinsic value outside the litigation arena."). "The work product doctrine insulates a lawyer's research, analysis, legal theories, mental impressions, notes and memoranda of witness' statements from an opposing counsel's inquiries." *Dunn v. State Farm Fire & Cas. Co.*, 122 F.R.D. 507, 510 (N.D. Miss. 1988) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 400 (1981); *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982)). Therefore, the resolution of whether the documents fall within the work product doctrine is governed by federal law. *Navigant*, 220 F.R.D. at 476 (citing *Interphase*, 1998 WL 667969, at *4; *Varuzza by Zarrillo v. Bulk Materials, Inc.*, 169 F.R.D. 254, 257 (N.D.N.Y. 1996); *In re Combustion, Inc.*, 161 F.R.D. 51, 52 (W.D. La. 1995)).

Federal Rule of Civil Procedure 26(b)(3) provides that only documents prepared "in anticipation of litigation" are exempt from discovery. *Navigant*, 220 F.R.D. at 476; *see Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991); *Elec. Data Sys. Corp. v. Steingraber*, No. 4:02-cv-225, 2003 WL 21653414, at *4 (E.D. Tex. July 9, 2003); *Robinson v. Tex. Auto. Dealers Ass'n*, 214 F.R.D. 432 (E.D. Tex. 2003). Rule 26(b)(3) states in relevant part:

> [A] party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent.) But…those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

FED. R. CIV. P. 26(b)(3)(A). The Fifth Circuit has stated that the protection "can apply where litigation is not imminent, 'as long as the primary motivating purpose behind the creation was to aid in possible future litigation.'" *Mondis Tech., Ltd. v. LG Elec.*, Nos. 2:07-CV-565-TJW-CE, 2:08-CV-478-TJW, 2011 WL 1714304, at *2 (E.D. Tex. May 4, 2011) (quoting *In re Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000) (citations omitted)).

"A party asserting work-product protection over particular materials must demonstrate: (1) the materials sought are tangible things; (2) the materials sought were prepared in anticipation of litigation or trial; (3) the materials were prepared by or for a party's representative." *Mondis Tech., Ltd.*, 2011 WL 1714304, at *2 (E.D. Tex. May 4, 2011) (citing *SEC v. Brady*, 238 F.R.D. 429, 441 (N.D. Tex. 2009)). "If a party proves that materials merit work-product protection, the party seeking discovery must prove why those materials should still be produced." *Ferko*, 219 F.R.D. at 400 (citing *Hodges, Grant, & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985)). The party seeking production must establish (1) a substantial need of the privileged materials and (2) an inability to obtain the substantial equivalent of the material through other means without undue hardship. *Id.* However, "[a]bsent a waiver, opinion work product enjoys nearly absolute protection and is discoverable only in 'rare and extraordinary circumstances.'" *Bagley*, 212 F.R.D. at 559 (citing *Burroughs*, 167 F.R.D. at 683-84).

The work product doctrine is not "an umbrella that shades all materials prepared by a lawyer, or agent of the client[,]" and the doctrine excludes materials assembled in the ordinary course of business. *Elec. Data Sys. Corp.*, 2003 WL 21653414, at *4 (citing *El Paso Co.*, 682 F.2d 530). It also does not extend to the underlying facts relevant to the litigation. *Id.*; *see generally Upjohn*, 449 U.S. at 395-96.

First, Defendants assert that the FTC has not prepared a privilege log, and therefore, Defendants cannot properly assess the applicability of the asserted privileges. Rule 26(b)(5) states as follows:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>     (i) expressly make the claim; and
>     (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

FED. R. CIV. P. 26(b)(5). The Court finds that the FTC has expressly made its claims to privilege, and described the nature of the documents, communications, or tangible items that it believes are covered by their privilege assertion in their motion to quash. Therefore, the Court will address those claims that the FTC has expressly stated within its motion.

In its motion, the FTC asserts that it has produced the underlying investigations results, and specifically addressed the following items that it believes should be privileged:

> (1) communications among counsel and the FTC's Investigators regarding the investigation are protected by all four privileges;
> (2) legal and attorney-client memorandum from attorneys to FTC Commissioners and staff seeking authority to proceed within the investigation are protected by all four privileges;
> (3) attorney research and notes discussing the various opinions and recommendations regarding the case, and draft pleadings are protected by the Attorney-Client Privilege and the attorney work product doctrine;
> (4) unredacted Consumer Sentinel complaints received by the FTC from consumers directly from the consumer or from other law enforcement agencies where the consumer had an expectation of privacy are protected by the law enforcement privilege's protection of the confidentiality of sources because, unlike the scores of BBB complaints received, consumers filing Consumer Sentinel Complaints directly with law enforcement agencies do so with the expectation of anonymity; and
> (5) irrelevant Civil Investigative Demands (CIDs) and their correlated responses stating that Defendants did not have accounts or business with the entities that received the CID are protected by the law enforcement privilege; and

(6) irrelevant and unredacted portions of CID responses containing third party Personal Identifying Information for persons or entities not related to the Defendants are protected by the law enforcement privilege.

(Dkt. #112 at p. 9).

The Court finds that the "communications among counsel and the FTC's Investigators regarding the investigation" is privileged under the deliberative process privilege, as well as, attorney-client privilege. It appears that the communications asserted within the first of the FTC's categories would contain "predecisional materials 'reflecting deliberative or policy-making processes[.]'" *See Cuban*, 2013 WL 1091233, at *9. Additionally, the communications are between FTC counsel and their investigators, and thus, the communications would be protected under attorney-client privilege. Therefore, this material should remain protected.

Additionally, the Court finds that the "legal and attorney-client memorandum from attorneys to FTC Commissioners and staff seeking authority to proceed within the investigation" is protected under the deliberative process privilege, as well as, the work product doctrine. It appears that the communications asserted within the second of the FTC's categories would contain "predecisional materials 'reflecting deliberative or policy-making processes[.]'" *See Cuban*, 2013 WL 1091233, at *9. Additionally, the "legal and attorney-client memorandum" are the type of documents that the attorney work product doctrine seeks to protect. Therefore, the Court finds that this material should remain protected.

Additionally, the Court finds that the "attorney research and notes discussing the various opinions and recommendations regarding the case, and draft pleadings" would be protected under the attorney work product doctrine. "The work product doctrine insulates a lawyer's research, analysis, legal theories, mental impressions, notes and memoranda of witness' statements from an opposing counsel's inquiries." *Dunn*, 122 F.R.D. at 510 (citing *Upjohn Co.*,

449 U.S. at 400; *El Paso Co.*, 682 F.2d at 542). "[A]ttorney research and notes," as well as the "draft pleadings" are the type of documents that the work product doctrine seeks to protect. Therefore, the Court finds that this material should remain protected.

However, the Court finds that the FTC's requests four through six should not be protected under the law enforcement privilege. The FTC has not demonstrated that the Consumer Sentinel Complaints or the CIDs would fall within the law enforcement privilege as this is not a criminal investigation, but a civil investigation. Additionally, to the extent that the FTC is concerned about divulging personal or private information, they have the option of redacting any information that should remain private. Therefore, the Court finds that the law enforcement privilege does not apply in the present case.[6]

*Format of Electronic Documents*

The FTC also requests protection from the Court regarding the formatting of electronic documents (Dkt. #112 at p. 15). Specifically, the FTC asserts that it provided Defendants with options of how electronic materials found within Defendants' computers should be produced to Defendants, and Defendants specifically requested that the FTC produce the raw images of the computer files (Dkt. #112 at pp. 14-15). Defendants assert that the format produced by the FTC is "essentially unworkable[,]" especially since the FTC has refused to return Defendants' computers.[7] The Court finds that the FTC explained various options to Defendants, and Defendants chose to have the FTC produce the raw images of the computer files. Therefore, the

---

[6] If the FTC believes that the law enforcement privilege is applicable to any of Defendants' Requests for Production that remain, it may file additional briefing on the issue about how that privilege specifically applies in the present case.

[7] In its July 7, 2016 hearing, the Court addressed the issue of the FTC returning Defendants' computers (*See* Dkt. #116). The Court denied Defendants' request that the computers be delivered to Defendants for inspection (Dkt. #149 at p. 1). Therefore, the Court will not address this issue.

Court finds that the FTC is not required to produce additional copies of the electronic documents, as they have already been produced to Defendants in the form that Defendants requested.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Federal Trade Commission's Motion for Protective Order to Quash Certain Portions of Defendant's First Request for Production to Federal Trade Commission (Dkt. #112) is hereby **GRANTED IN PART AND DENIED IN PART** and Defendant's Requests for Production numbers two through eight and numbers thirteen through fourteen are quashed.

**SIGNED this 15th day of August, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE